UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
AMTAX HOLDINGS 570, LLC, and        )
PROTECH 2004-D, LLC,                )       No. C07-773RSL
                                    )
                Plaintiffs,         )
        v.                          )       ORDER TO SHOW CAUSE
                                    )
SHELTER RESOURCES, INC., and,       )
LEN BRANNEN, individually and as a  )
married man as to his separate estate, )
                                    )
                Defendants.         )
_____)

This matter comes before the Court *sua sponte*. On May 18, 2007, plaintiffs filed a complaint contending that:

> This Court has jurisdiction over this action pursuant to the provisions of 28 USC § 2201, the Declaratory Judgment Act, and the provisions of 28 USC § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Dkt. #1 (Complaint) at ¶6. "[T]he Declaratory Judgment Act . . . does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing Skelly Oil Co. v. Phillips Co., 339 U.S. 667 (1950)). In this case, plaintiffs allege that the Court has jurisdiction based on the diversity of citizenship of the parties. See 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in

ORDER TO SHOW CAUSE

controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."). "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In their Complaint, however, plaintiffs failed to allege the citizenship of each owner/member of plaintiff Amtax Holdings 570, LLC, and plaintiff Protech 2004-D, LLC, stating only that "Plaintiff Amtax is an Ohio limited liability company with its principal place of business in Denver, Colorado" and "Plaintiff Protech is an Ohio limited liability company with its principal place of business in Denver, Colorado." Dkt. #1 (Complaint) at 2. Therefore, plaintiffs have failed to meet their burden to establish the basis of the Court's jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts."); Fed R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). As a result, plaintiffs are ORDERED TO SHOW CAUSE why the Court should not dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h) by providing the Court with the citizenship of all of plaintiffs' owners/members, at the time the Complaint was filed, by **Friday, November 2, 2007**.

DATED this 19th day of October, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE         -2-